UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBRADO SOLANO, JR., | No. 2:15-cv-1064-EFB P |
| Plaintiff, | |
| v. | ORDER |
| PEREZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a motion to compel further responses to three of his requests for production (RFPs). ECF No. 32. Defendants[1] oppose the motion. ECF No. 33. As discussed below, plaintiff's motion is denied.

RFP No. 1 requests plaintiff's medical records from April 23, 2013 through December 19, 2013. Defendants objected on the grounds that plaintiff must follow the procedures outlined for inmates at California Code of Regulations, Title 15, Section 3450(a), which provides that "[a]ny person on whom the department maintains a record or file containing personal information has the right to inspect their record . . . ." Defense counsel also explained to plaintiff that plaintiff can

---

[1] Only defendants George, Perez, and Peterson have appeared in this action. ECF No. 26. The remaining defendant, Eslami appears to have been served but has not appeared. ECF No. 27. The court notes that failure to answer or otherwise file a proper response to a complaint within the time required is grounds for the entry of default under Rule 55(a) of the Federal Rules of Civil Procedure.

1

make a request at his current institution for an opportunity to inspect his medical records. ECF No. 34, ¶ 3. Plaintiff provides no argument as to how defendants' response is nonresponsive or why he is entitled to a further response from defendants. Defendants' proposal for how plaintiff may access his medical records appears reasonable and plaintiff's motion as to this request is denied without prejudice to renewal if following the procedure as proposed by defendants does not result in access to the documents.

RFP No. 4 requests "rules, regulations [and] policies" related to "medical treatment after injuries." Defendants objected to the request as overbroad. Nevertheless, defendants produced the following documents: (1) California Correctional Health Care Services Chapter 4, titled "Access to Primary Care," (2) Folsom State Prison's Operational Procedures # 145, # 91 and # 112 related to inmates returning from outside medical appointments, (3) training materials from third-parties titled "Basic First Aid Instruction Manual" and (4) "The CPR, AED & First Aid For Community Responds Student Manual." After meeting and conferring with plaintiff, defendants understood that plaintiff "may want records related to hernia disability accommodations, not just 'medical treatment after injuries.'" ECF No. 34, ¶ 4. In light of this clarification, defendants intend to supplement their response with the *Armstrong* Remedial Plans from January 3, 2001 and December 1, 2010. Plaintiff provides no argument as to why he is entitled to any further response, and his motion is therefore denied as to this request.

RFP No. 5 requests training materials related to "emergency medical procedures when inmates are injured." Defendants' response explained their position that a chronic hernia problem, as alleged in plaintiff's complaint, is not a "medical emergency." As a result, they produced training materials from third-parties titled "Basic First Aid Instruction Manual" and "The CPR, AED & First Aid For Community Responds Student Manual." Defendants' response is not deficient on its face and plaintiff fails to articulate any basis for compelling a further response.

/////

/////

/////

2

Accordingly, plaintiff's motion to compel (ECF No. 32) is denied.

DATED: June 21, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE