1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIBRADO SOLANO, JR.,

             Plaintiff,

    v.

PEREZ, et al.,

             Defendants.

No.  2:15-cv-1064-EFB P

ORDER AND FINDINGS AND
RECOMMENDATIONS

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He filed this action alleging that the named defendants violated his Eighth Amendment rights.  ECF No. 17.  Pending before the court is a summary judgment motion filed by defendants Perez, George, and Peterson.  ECF No. 36.  Plaintiff has filed an opposition to that motion (ECF No. 39) and defendants have filed a reply (ECF No. 41).  For the reasons that follow, the motion should be granted.

**I.      Plaintiff's Complaint**

       This action proceeds based on plaintiff's first amended complaint, ECF No. 17.  He alleges that he was transported from Folsom State Prison (hereinafter "Folsom") to Methodist Hospital for surgical hernia repair on April 24, 2013.  *Id*. at 3.  Upon return to Folsom, he was placed in a holding cage where he awaited escort to administrative segregation.  *Id*. at 5.  He alleges that the pain medication given to him after the hernia surgery began wearing off at about this time.  *Id*.  Defendants Perez and Peterson arrived shortly thereafter, fitted him with a waist

1

chain, and ordered him to walk with them. *Id*. Plaintiff claims that he told defendants that walking was too difficult and asked them for a wheelchair. *Id*. After briefly searching for one without success, defendants allegedly told plaintiff that none was available and ordered him to walk with them. *Id*.

Plaintiff claims that he walked thirty yards before coming to a flight of stairs, at which point he again informed Perez and Peterson that continuing under his own power was too painful. *Id*. Defendant Perez allegedly responded by pushing plaintiff toward the stairs. *Id*. Plaintiff walked the rest of the way to his cell in administrative segregation, but alleges that the effort required to do so left him in "excruciating pain." *Id*.

The next day, on April 25, 2013, defendant George arrived to escort plaintiff to a committee meeting with the prison warden. *Id*. at 6. Plaintiff purportedly tried to decline, telling George that he needed time to recover from his recent surgery. *Id*. Unmoved, George renewed his order that plaintiff rise and accompany him. *Id*. The committee was unprepared to see plaintiff when he arrived, and he alleges that he was forced to stand outside the door for approximately thirty minutes, during which time his surgical wound caused him more pain. *Id*. After the committee meeting, plaintiff claims that George escorted him to another appointment. *Id*. Plaintiff claims that he again complained about the pain which walking and climbing stairs caused him, but George simply told him that he "did not have a choice." *Id*.

Plaintiff claims that defendants Perez, Peterson, and George violated his Eighth Amendment rights by forcing him to walk on the dates in question and alleges that their actions "most likely" caused him to suffer a second hernia injury. *Id*. at 8.

**II.    Legal Standards**

**A.  Summary Judgment Standard**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600

1   (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v.*

2   *U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment

3   motion asks whether the evidence presents a sufficient disagreement to require submission to a

4   jury.

5          The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims

6   or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to

7   "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

8   trial.'"  *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)  (quoting Fed. R.

9   Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally, under summary

10  judgment practice, the moving party bears the initial responsibility of presenting the basis for its

11  motion and identifying those portions of the record, together with affidavits, if any, that it

12  believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323;

13  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving party meets

14  its burden with a properly supported motion, the burden then shifts to the opposing party to

15  present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson,*

16  477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

17         A clear focus on where the burden of proof lies as to the factual issue in question is crucial

18  to summary judgment procedures.  Depending on which party bears that burden, the party seeking

19  summary judgment does not necessarily need to submit any evidence of its own.  When the

20  opposing party would have the burden of proof on a dispositive issue at trial, the moving party

21  need not produce evidence which negates the opponent's claim.  *See, e.g., Lujan v. National*

22  *Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters

23  which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-

24  24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a

25  summary judgment motion may properly be made in reliance solely on the 'pleadings,

26  depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment

27  should be entered, after adequate time for discovery and upon motion, against a party who fails to

28  make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial. *See id.* at 322.  In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is determined by the substantive law applicable for the claim in question.  *Id.*  If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine.  In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question.  Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility.  It believes the opposing party's evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

1   proponent must adduce evidence of a factual predicate from which to draw inferences.  *American*

2   *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,

3   dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at

4   issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th

5   Cir. 1995).  On the other hand, the opposing party "must do more than simply show that there is

6   some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could

7   not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

8   trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).  In that case, the court must grant

9   summary judgment.

10          Concurrent with his motion for summary judgment, defendant advised plaintiff of the

11   requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.

12   ECF No. 36-3; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d

13   952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*,

14   849 F.2d 409 (9th Cir. 1988).

15              **B.  Eighth Amendment Standards**

16          "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective

17   standard—that the deprivation was serious enough to constitute cruel and unusual punishment—

18   and a subjective standard—deliberate indifference."  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th

19   Cir. 2012), *overruled in part on other grounds, Peralta v. Dillard*, 744 F.3d 1076 (9th Cir.2014).

20   To establish the objective prong, a plaintiff may demonstrate a serious medical need by showing

21   that the "failure to treat a prisoner's condition could result in further significant injury or the

22   unnecessary and wanton infliction of pain."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)

23   (internal quotations omitted).  A prison official acts with deliberate indifference "if the [prison

24   official] knows of and disregards an excessive risk to inmate health and safety."  *Gibson v. Cnty.*

25   *of Washoe*, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks

26   omitted).  Deliberate indifference may be shown by the denial, delay, or intentional interference

27   with medical treatment, or by the way in which medical care is provided.  *Hutchinson v. United*

28   *States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official

1  must both be aware of facts from which the inference could be drawn that a substantial risk of

2  serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837

3  (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious

4  harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.

5  "[W]hether a prison official had the requisite knowledge of a substantial risk is a question of fact

6  subject to demonstration in the usual ways, including inference from circumstantial evidence, . . .

7  and a factfinder may conclude that a prison official knew of a substantial risk from the very fact

8  that the risk was obvious."  *Id.* at 842; *see also Lolli v. County of Orange*, 351 F.3d 410, 421 (9th

9  Cir. 2003).

10  Non-medical personnel are generally entitled to rely on the opinions of medical

11  professionals with respect to an inmate's medical treatment, but the fact that an individual is not

12  medically trained will not shield him from liability if "a reasonable person would likely

13  determine [the medical treatment] to be inferior."  *Snow*, 681 F.3d at 986 (9th Cir. 2012).  It is

14  important, however, to differentiate common law negligence claims from claims predicated on

15  violations of the Eighth Amendment's prohibition of cruel and unusual punishment.

16  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

17  support this cause of action."  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

18  1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th

19  Cir. 2004).

20  **C.     Qualified Immunity**

21  A court undertakes a two-part analysis to determine whether a defendant is entitled to

22  qualified immunity.  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The first prong of the test

23  asks whether the facts "[t]aken in the light most favorable to the party asserting the injury" shows

24  that the defendant violated a constitutional right.  *Id.*  The second prong asks whether "the

25  [violated] right was clearly established" at the time of the alleged violation.  *Id.*  "The relevant,

26  dispositive inquiry in determining whether a right is clearly established is whether it would be

27  clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Id.* at

28  /////

202.  Both prongs are pure questions of law.  *See Serrano v. Francis*, 345 F.3d 1071, 1080 (9th Cir. 2003).

**III.    Analysis**

Defendants argue that plaintiff's medical records contradict the claim that his hernia surgery limited his ability to walk or traverse stairs.  ECF No. 36 at 8.  They also argue that they are entitled to qualified immunity because, absent medical orders to the contrary, a reasonable officer without medical training would not have known that transporting plaintiff without a wheelchair was unlawful.  *Id*. at 9-10.  Viewing the facts in plaintiff's favor and assuming the truth of his claims regarding the pain walking caused him, the court finds that these defendants should be entitled to qualified immunity.

There is no dispute that defendants Perez, Peterson, and George were correctional officers at Folsom during the dates relevant to this suit.  ECF No. 36-1 at 1, ¶ 2; ECF No. 39 at 22. Defendants state that, lacking medical training or expertise, they relied upon the opinions and instructions of prison medical providers to determine whether a given inmate required a wheelchair.  ECF No. 36 at 10.  They argue that no such need was indicated on the dates in question and, to that effect, have provided the declaration of Dr. S. Reddy who, since 2005, has worked as a physician and surgeon at Folsom.  ECF No. 36-2 at 1, ¶ 1.  Dr. Reddy states that Methodist Hospital provided discharge instructions for plaintiff after his April 24, 2013 hernia surgery.  *Id*. at 4, ¶ 13.  These instructions limited the amount of weight plaintiff could lift, stressed the necessity of avoiding "heavy exertion", but also advised that he should walk three times a day.  *Id*.  Defendants have attached a copy of those instructions to their motion and the "Discharge Activity" section of that document has a notation which simply states "[w]alk 3x/day."  *Id*. at 23.  Dr. Reddy emphasizes the absence of any documented limitations on walking or climbing stairs and offers the opinion that "[l]aparoscopic, inguinal hernia repairs are out-patient surgeries and patients are expected to walk after the operation and resume normal activities."  *Id*.  at 4-5, ¶ 17.  It is also Dr. Reddy's medical opinion that, based on the hospital's discharge instructions and review of plaintiff's medical records, plaintiff had no need of a wheelchair on either April 24 or April 25 of 2013.  *Id*.

Plaintiff's opposition offers no argument or evidence to rebut the defendants' status as laymen, their reliance on medical staff, the opinions of Dr. Reddy, or the content of his discharge instructions.  Instead, he argues that factual disputes over the method, timing, and rationale of defendants' escorts on April 24 and 25 preclude summary judgment.  ECF No. 39 at 17.  The court, after review of the pleadings, cannot agree.  The material facts as to each escort are undisputed.  The parties do not dispute that defendants Perez and Peterson escorted plaintiff on April 24 or that defendant George escorted him on April 25.  ECF No. 41-1 at 3, ¶¶ 12,16.  Nor do they dispute that plaintiff was escorted without a wheelchair or other assistive device on each of those occasions.  ECF No. 36-1 at 3, ¶¶ 11, 15; ECF No. 17 at 5-6.  Additionally, the reason necessitating the escorts is irrelevant to the question of whether defendants should have provided plaintiff with a wheelchair.  Finally, plaintiff raises the contention that his "instructions of medical records" were "missing and lost" on the escort dates, but it is unclear how this claim, taken as true, gives rise to any dispute of material fact.[1]  ECF No. 39 at 17.  The medical documents immediately relevant to plaintiff's claims are the discharge instructions issued by the hospital which performed his surgery.  As noted *supra*, defendants have provided a copy of those instructions (ECF No. 36-2 at 23) and plaintiff has not raised any doubts as to their veracity.  The instructions do not indicate a need for a wheelchair.  *Id.*

In light of the foregoing, the court concludes that there is no dispute of material facts which would preclude summary judgment.  The relevant question - whether a reasonable officer in defendants' situation could have believed that transporting plaintiff without a wheelchair was proper – is one of law.  *See LaLonde v. County of Riverside*, 204 F.3d 947, 953 (9th Cir. 2000) ("The determination of whether a reasonable officer could have believed his conduct was lawful is a determination of law that can be decided on summary judgment only if the material facts are undisputed."); *see also Act Up!/Portland v. Bagley*, 988 F.2d 868, 872-73 (9th Cir. 1993)

---

[1] Plaintiff's amended complaint alleges that two other correctional officers, referred to as "Doe #1" and "Doe # 2" failed to deliver his surgical and post-surgical care records to the proper medical staff after the surgery.  ECF No. 17 at 5.  These individuals are not defendants to this action and there is no allegation that Perez, Peterson, or George bore any responsibility for this omission.

1  (holding that whether a reasonable officer could have believed his conduct was proper is a

2  question of law which should be determined at the earliest possible point in the litigation).  The

3  Supreme Court has stressed that "[t]he dispositive question is 'whether the violative nature of [the

4  defendants'] particular conduct is clearly established.'"  *Mullenix v. Luna*, 136 S. Ct. 305, 308,

5  193 L. Ed. 2d 255 (2015) (per curiam) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011)).  "To

6  be clearly established, a right must be sufficiently clear that *every reasonable official* would have

7  understood that what he is doing violates that right."  *Taylor v. Barkes*, 135 S. Ct. 2042, 2044,

8  192 L. Ed. 2d 78 (2015) (per curiam) (emphasis added).  In the recent case of *Hamby v.*

9  *Hammond,* the Ninth Circuit framed the relevant inquiry as follows:

10
11
12
13

> [V]iewing the evidence in the light most favorable to [plaintiff], was it beyond
> debate, at the time the prison officials acted, that their conduct violated the
> Constitution? If the answer is no—if the officials' actions did not clearly violate
> [plaintiff's] rights under the Eighth Amendment—then the officials are entitled to
> qualified immunity, and summary judgment must be entered in their favor.

14  821 F.3d 1085, 1092 (9th Cir. 2016).

15        Here, neither the hospital discharge instructions nor the prison medical staff prescribed a

16  wheelchair.  As such, the court finds that a reasonable officer in defendants' place could have

17  believed his decision to make plaintiff walk was proper.  As noted above, non-medical personnel

18  are generally entitled to rely on the opinions of medical professionals with respect to an inmate's

19  medical treatment.  *See, e.g., McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013) (holding that

20  non-medical personnel may rely upon medical opinions of healthcare professionals unless "they

21  have a reason to believe (or actual knowledge) that prison doctors or their assistants are

22  mistreating (or not treating) a prisoner." (internal quotations and citations omitted); *Spruill v.*

23  *Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) ("If a prisoner is under the care of medical experts . . . a

24  non-medical prison official will generally be justified in believing that the prisoner is in capable

25  hands."); *Hamby v. Hammond*, 2015 WL 1263253 (W.D. Wash. Feb. 11, 2015) (holding that non-

26  medical corrections official entitled to rely on judgment of prison medical staff).  This entitlement

27  has its limits insofar as non-medical officials are not protected by their reliance on "a medical

28  opinion which a reasonable person would likely determine to be inferior", but the court finds that

9

1   the medical decision not to prescribe plaintiff a wheelchair was not such an obvious deficiency

2   (assuming it was a deficiency) that any reasonable layman would deem it inferior.  Plaintiff's own

3   allegations indicate that he was capable of walking, albeit with pain.  He apprised defendants of

4   his pain during the escorts, but a reasonable official could have believed that such pain was a

5   natural side-effect of the recent surgery rather than an obvious indicator that plaintiff's medical

6   needs were not being met.  Viewing the evidence in this case in a light most favorable to plaintiff,

7   this court cannot say that defendants' conduct was an undebatable violation of his rights and they

8   are entitled to summary judgment on that basis.

9   **IV.   Conclusion**

10         Accordingly**,** it is hereby ORDERED that the Clerk of Court randomly assign a United

11   States District Judge to this action.[2]

12         Further, it is RECOMMENDED that defendants' Perez, George, and Peterson's motion

13   for summary judgment (ECF No. 36) be granted and that this action proceed solely against

14   defendant Afshin Eslami.[3]

15         These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17   after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

20   /////

21   /////

22   /////

23   /////

24

25   [2] Plaintiff has consented to jurisdiction of a United States Magistrate Judge.  *See* ECF Nos. 10, 11, and 22.  Defendants, however, have not.

26

27   [3] Defendant Eslami appears to have been served but has not appeared.  ECF No. 27.  The court notes that failure to answer or otherwise file a proper response to a complaint within the time required is grounds for the entry of default under Rule 55(a) of the Federal Rules of Civil

28   Procedure.

1    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

2    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3    DATED:  February 6, 2017.

4

5                    EDMUND F. BRENNAN
                   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28