UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBRADO SOLANO, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>PEREZ, et al.,<br><br>    Defendants. | No. 2:15-cv-1064-KJM-EFB P<br><br>ORDER |

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On February 7, 2017, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations, ECF No. 50, and defendants have filed a reply to plaintiff's objections. ECF No. 51.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, for the reasons set forth below the court declines to adopt the findings and recommendations.

1

This action arises from events on April 24, 2013, when plaintiff was transported to Methodist Hospital for hernia surgery and returned to Folsom State Prison following the surgery, on April 25, 2013. In relevant part, plaintiff alleges that on April 24, 2013, following his return to Folsom State Prison, he was placed in a holding cage:

> Plaintiff was in holding cage awaiting Ad-Seg Escort Officers for a long time and his pain medication began wearing off. Officers Perez and Peterson arrived to escort plaintiff to Ad-Seg. Perez put waist-chain on Plaintiff too tight, causing distress to the surgery. Plaintiff asked Perez to loosen waist-chain and explained the pain it was causing but Perez ignored him. Plaintiff asked for a wheelchair stating that he was in no condition to walk because he just had surgery and doing so would be severely painful. Defendants Perez and Peterson looked around for a wheelchair, said one was not available and Plaintiff had no choice, forcing Plaintiff to walk with deliberate indifference to the pain and suffering they caused. After forcing Plaintiff to walk over 30 yards with light pushing, they came to stairs and Plaintiff once again informed Defendants that he was hurting too much and should not proceed. Perez said he would help and did so by pushing Plaintiff down the stairs. Plaintiff was shaking in agony when he reached the bottom of the stairs. Perez and Peterson ignored Plaintiff's distress and forced him to walk another 30 yards to Ad-Seg, then up 3 tiers of stairs. Perez and Peterson left Plaintiff in severe excruciating pain.

ECF No. 17 at 5 (verbatim transcription).

Plaintiff also alleges that

> [o]n April 25, 2013, Officer George came to Plaintiff's cell and told him he had to go to a committee meeting with Warden R. M. Hill. Plaintiff told George he just had surgery and needed to recover. George demanded Plaintiff get up, get ready, stating he had no choice. Plaintiff was forced to dress in agony and was escorted to committee. The Warden and committee were not ready and George forced Plaintiff to stand facing the wall for 30 minutes even though Plaintiff was shaking due to pain. George ignored Plaintiff's distress. Officers Hahn and Freyance were able to see that Plaintiff was shaking and asked if he was okay. Plaintiff told them he had surgery the prior morning, wasn't feeling well and went "man down" the night before. Hahn told George that Plaintiff should be sitting down, but the door opened for committee. . . . After committee, George escorted Plaintiff down 3 tiers of stairs, then told Plaintiff he had to go to another appointment in TTA. Plaintiff told George he wasn't feeling well and could not walk that far without experiencing more severe pain. George told Plaintiff he did

/////
/////
/////

> not have a choice, grabbed the waist-chain and forced Plaintiff down the 3 tiers of stairs they had just climbed. George ignored the fact that plaintiff was shaking twice as much from pain and suffering agony.

*Id*. at 6. The magistrate judge's order screening the FAC found "that it states potentially cognizable Eighth Amendment deliberate indifference to medical needs claims against defendants . . . George, Perez, and Peterson. [Footnote omitted.] *See generally* ECF No. 17 (alleging that . . . defendants George, Perez, and Peterson forced plaintiff to stand, walk, and navigate stairs despite plaintiff's complaints of pain and physical limitations following surgery)." ECF No. 20 at 2.

In their pending motion, defendants Peterson, George[1] and Perez seek summary judgment on the ground that they are entitled to qualified immunity on plaintiff's claim that they "were deliberately indifferent to his serious medical needs by failing to escort him in a wheelchair following his hernia repair." ECF No. 36 at 3. The magistrate judge finds each of the moving defendants entitled to qualified immunity. ECF No. 43 at 6-10. For purposes of qualified immunity, the findings and recommendations define "[t]he relevant question" as "whether a reasonable officer in defendants' situation could have believed that transporting plaintiff without a wheelchair was proper. . . ." *Id*. at 9. The undisputed evidence shows that the discharge instructions for plaintiff following his hernia surgery "limited the amount of weight plaintiff could lift, stressed the necessity of avoiding 'heavy exertion', but also advised that he should walk three times a day" and that a physician at Folsom, Dr. S. Reddy, "emphasize[d] the absence of any documented limitations on walking or climbing stairs and offers the opinion that '[laparascopic, inguinal hernia repairs are outpatient surgeries and patients are expected to walk after the operation and resume normal activities'" and further opined that "plaintiff had no need of a wheelchair on either April 24 or April 25 of 2013." *Id*. at 7. Based on this record, the magistrate judge finds that reasonable correctional officers in defendants' position "could have believed [the] decision to make plaintiff walk was proper." *Id*. at 9. Plaintiff objects to reliance

---

[1] Defendant George's last name is apparently spelled Geordge. *See* Answer to First Amended Complaint, ECF No. 26.

on the discharge instructions to support a conclusion that plaintiff did not need a wheelchair in the immediate aftermath of the surgery given the level of pain he contends he was experiencing. *See* ECF No. 50 at 8.

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Two factors are at work in determining whether the defense of qualified immunity applies: (1) whether the facts alleged, viewed in the light most favorable to the plaintiff, "make out a violation of a constitutional right"; and (2) "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at 232 (internal citation omitted). The court is not required to consider the two steps in sequential order, and may find a defendant entitled to qualified immunity if either factor is absent, i.e., if either the alleged facts do not make out the violation of a constitutional right, or the right at issue was not "clearly established" at the relevant time. *Id*. at 236-37.

Here, plaintiff is proceeding on Eighth Amendment claims that defendants were deliberately indifferent to his serious medical needs when he returned to Folsom State Prison following hernia surgery.

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir.1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id*. at 1059 (citing *Estelle [v. Gamble]*, 429 U.S. [97] at 104, 97 S. Ct. 285 [(1976)]). Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. *Id*. at 1060. This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Id*. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it

/////

/////

4

> may be shown by the way in which prison physicians provide medical care." *Id.* at 1059 (quoting *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir.1988)).

*Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

As noted, the magistrate judge finds that defendants, all of whom were correctional officers at Folsom State Prison during all times relevant to this action, were entitled to rely on discharge instructions and "the opinions and instructions of prison medical providers to determine whether a given inmate required a wheelchair." ECF No. 43 at 7 (citing ECF No. 36 at 10). Defendants present no evidence of when, if ever, they became aware of the discharge instructions and the medical opinions that plaintiff did not require a wheelchair after his hernia operation. Plaintiff's averments suggest that the discharge instructions and medical reports were not located by staff until sometime after defendants Perez and Peterson escorted plaintiff to his cell and then back to the medical office in the administrative segregation unit. *See* ECF No. 39 at 7-8. There is no evidence defendant George was aware of the instructions or the medical reports on April 25, 2013. Absent evidence that defendants knew about the discharge instructions, the court cannot find defendants were entitled to rely on them in denying plaintiff's request for a wheelchair. It is well established that ignoring complaints of pain can violate the Eighth Amendment. *See*, *e.g.*, *McGuckin*, *supra.* "The determination of whether a reasonable officer could have believed his conduct was lawful is a determination of law that can be decided on summary judgment only if the material facts are undisputed." *LaLonde v. County of Riverside*, 204 F.3d 947, 953 (9th Cir. 2000). It is not clear defendants were aware of anything other than plaintiff's subjective complaints of pain when they denied him a wheelchair, nor is there evidence they relied on medical opinion to deny plaintiff's request. Defendants are not entitled to summary judgment on the ground of qualified immunity.

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 7, 2017, are not adopted;

2. Defendants Perez, George and Peterson's motion for summary judgment (ECF No. 36) is denied; and

/////

5

3. This matter is referred back to the assigned magistrate judge for further proceedings.

DATED: September 29, 2017.

_____
UNITED STATES DISTRICT JUDGE