UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIBRADO SOLANO, JR.,

    Plaintiff,

v.

PEREZ, et al.,

    Defendants.

No. 2:15-cv-01064-KJM-EFB P

ORDER

Plaintiff, a state prisoner proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The magistrate judge recommended that this court grant defendants Perez, George and Peterson's motion for summary judgment based on qualified immunity. ECF No. 43 (filed Feb. 7, 2017). This court declined to adopt that recommendation, and instead denied summary judgment finding no qualified immunity. Prior Order, ECF No. 64 (filed Sept. 29, 2017). Defendants Perez, George and Peterson now move the court to reconsider that decision. Motion, ECF No. 65; Reconsideration Mem., ECF No. 65-1 (filed Oct. 4, 2017). As explained below, the court DENIES this motion.

1

A party may move to "alter or amend a judgment" within twenty-eight days of the entry of the judgment. Fed. R. Civ. P. 59(e); *see also Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (per curiam) (explaining a motion to amend the judgment "is a proper vehicle for seeking reconsideration of a summary judgment ruling."). Although the Rule does not list specific grounds for such a motion, the Ninth Circuit has said that a Rule 59(e) motion may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). The court has "wide discretion" when considering such a motion. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). The rule provides "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

Here, defendants identify no newly discovered evidence, intervening changes in the law, or any manifest injustice warranting reconsideration. Rather, they duplicate their summary judgment arguments. *Compare* ECF No. 36 at 7-10 (arguing it was not clearly unlawful to deny plaintiff a wheelchair because it was uncertain he needed one), *with* Reconsideration Mem. at 4-5 (same). They also contend the court omitted certain issues. *See* Reconsideration Mem. at 5 (contending court did not address whether plaintiff had "a serious medical need for a wheelchair"); *but see* Prior Order at 3-5 (highlighting factual disputes on this very issue). Finding no adequate basis for reconsideration, the court DENIES defendants' motion.

IT IS SO ORDERED.

DATED: November 7, 2017.

_____
UNITED STATES DISTRICT JUDGE